IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERNEST LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:17-CV-738-Y |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Ernest Lopez, a federal prisoner confined in FMC-Fort Worth, against the United States of America, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction. No service has issued upon Respondent.

I. Factual and Procedural History

On December 9, 2011, pursuant to a plea agreement, Petitioner was sentenced to a term of 262 months' imprisonment in the Austin division of the United States District Court for the Western District of Texas for conspiracy to possess with intent to distribute one kilogram or more of heroin. (J., United States v. Lopez, U.S. Pacer, Criminal Docket for Case No. 1:11-cr-360-SS-5, ECF No. 519.) Petitioner was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on two

prior Texas state convictions for delivery of heroin. (Pet. 1, ECF No. 1.) In this petition, Petitioner asserts that in light of the United States Supreme Court decision in *Mathias v. United States,* 136 S. Ct. 2243 (2016), and subsequent Fifth Circuit opinions in *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016 ), and *United States v. Tanksley,* 848 F.3d 347 (5th Cir. 2017), establishing that his predicate offenses "could or cannot serve for career offender enhancement under U.S.S.G. 4B1.1," he is actually innocent of being a career offender and the sentence imposed. (Pet. 1-5, 7-10.)

Petitioner raised the same claim in a § 2255 motion in the convicting court, which was dismissed on April 5, 2017, with prejudice, as time-barred. (Mot. & Order, United States v. Lopez, Criminal Docket for Case No. 1:11-cr-00360-SS-5, ECF Nos. 813 & 820.) Petitioner also raised the same claim in a prior federal habeas petition brought in this Court pursuant to § 2241. (Pet., Lopez v. United States of America, Civil Docket for Case No. 4:17-cv-00714-A, ECF No. 1.) The prior habeas petition was construed as a § 2255 motion and transferred to the convicting court where it was dismissed on September 14, 2017, without prejudice an as unauthorized successive § 2255 motion. (Order, Criminal Docket for Case No. 1:11-cr-00360-SS-5, ECF No. 832.) In this second habeas petition, Petitioner asserts that his claim is now "ripe for the Court's review" under § 2241, as his attempt to obtain relief under § 2255 has been unsuccessful and he can satisfy two of the three

requirements to invoke § 2255(e)'s so-called "savings clause."

II. Discussion

Title 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *See Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner asserts that "being sentenced as a career offender is the same thing as being convicted for a non-existent offense," and, as such, he can meet the second and third requirements above because his claim under *Mathias* was foreclosed by Fifth Circuit law at the time when the claim could have been raised at trial, on appeal, or a § 2255 motion and *Mathias* establishes that he was convicted for a nonexistence offense. (Pet. 2, ECF No. 1.) Petitioner cites to Eleventh Circuit case law in support of his argument, however the Fifth Circuit has repeatedly made clear that a petitioner's claim that he is actually innocent of the career-offender sentencing enhancement does not raise a claim of actual innocence sufficient to meet the savings clause of § 2255. *See Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000), *cert. denied,* 531 U.S. 1132 (2001) (providing claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement); *Wiwo v. Medina,* 491 F. App'x 482, 483 (5th Cir. 2012) (same); *McCorvey v. Young,* 487 F.

4

App'x 928, 928 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 1657 (2013) (same); *Youreev. Tamez,* 471 F. App'x 387, 387 (5th Cir. 2012), *cert. denied,* 568 U.S. 1126 (2013) (same). Accordingly, Petitioner cannot rely on the savings clause of § 2255 on this basis.

Petitioner also asserts that, "due to the fact that even the Government states the guideline's calculation in [his] case is arguably incorrect following *Kinkle* and *Tanksley,*" he will be left with no remedy for the clear wrong that has been done to him if relief under § 2241 is not available. (Pet. 3, ECF No. 1.) A § 2241 petition however is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Petitioner cannot rely on § 2241 because his prior § 2255 motions were unsuccessful or to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers*, 253 F.3d at 830 (providing prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (providing prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective); *Tolliver,* 211 F.3d at 877 (providing petitioner cannot circumvent the restriction on filing successive § 2255

motions with § 2241 petition). Thus, the fact that Petitioner's first § 2255 motion was barred under the statute of limitations and his second § 2255 motion was dismissed under the restriction on filing successive motions to vacate does not render the § 2255 remedy inadequate. Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claim presented in this habeas-corpus proceeding. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claim does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th

Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED September 25, 2017.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE